UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERTO JESUS ARIAS ALIAGA,

    Petitioner,

v.

ROY L. HENDRICKS,

    Respondent.

Civ. No. 14-0633 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Roberto Jesus Arias Aliaga, is an immigration detainee who was previously detained at the Essex County Correctional Facility in Newark, New Jersey.[1] Mr. Arias Aliaga is a citizen and native of Venezuela. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his release from immigration detention. For the following reasons, the habeas petition will be dismissed without prejudice.

## II. BACKGROUND

In 2009, Mr. Arias Aliaga was convicted in New Jersey of unlawfully taking a police weapon and sentenced to six years in prison. On October 21, 2012, upon his release from the New Jersey State Prison, he was taken into immigration custody. On January 23, 2013, an

---

[1] Mr. Arias Aliaga is now detained at the Etowah County Detention Center in Gadsden, Alabama. He was detained in this District when he filed his habeas petition, so this Court retains jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see also Lee v. Zickefoose*, No. 12-130, 2012 WL 5403134, at *2 (D.N.J. Nov. 5, 2012) ("Jurisdiction is determined as of the time the petition is filed.")

1

Immigration Judge ordered Mr. Arias Aliaga removed to Venezuela. On July 3, 2013, the Board of Immigration Appeals affirmed the removal. On October 9, 2013, the United States Court of Appeals for the Third Circuit denied Mr. Arias Aliaga's motion for a stay of removal. On December 3, 2013, Mr. Arias Aliaga's Third Circuit appeal was dismissed for failure to prosecute.

On October 2, 2013, while Mr. Arias Aliaga's Third Circuit appeal was pending, the United States Immigration and Customs Enforcement Agency ("ICE") issued its first post-order removal custody review. ICE determined at that time that Mr. Arias Aliaga would remain in custody. It noted that ICE was working with the Embassy of Venezuela to obtain a travel document to effect his removal and that it expected that the travel document would be issued in the reasonably foreseeable future. On January 8, 2014, Mr. Arias Aliaga's immigration detention was again reviewed by ICE with the same result. ICE noted in this decision that Mr. Arias Aliaga's travel document request was still pending before the government of Venezuela and that his removal was expected to occur in the reasonably foreseeable future.

On January 29, 2014, this Court received Mr. Arias Aliaga's petition for writ of habeas corpus. Mr. Arias Aliaga argues in the petition that the amount of time he has spent in immigration detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). Additionally, he asserts that his due process rights have been violated. Respondent has filed a response to the habeas petition.

### III. DISCUSSION

The Attorney General has the authority to detain aliens in removal proceedings both before and after the issuance of a final order of removal. Post-removal order immigration detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1)(A) states that, "except as

otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a). Section 1231(a)(2) requires that the alien be detained during the ninety day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). However, if the alien is not removed

during the ninety-day period, then § 1231(a)(6) authorizes that the alien be released on bond or that the alien be continued to be detained. Indeed, § 1231(a)(6) provides that:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

### A. *Zadvydas* Claim

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See id.* "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (per curiam) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

In this case, Mr. Arias Aliaga has been in post-order immigration detention for almost eleven months. That period of time in and of itself does not compel federal habeas relief. ICE states that it has been in contact with the Consulate of Venezuela as recently as April 3, 2014. At that time, the Consulate informed ICE that they "expect a travel document to be issued in the

4

reasonably foreseeable future for the Petitioner." (Dkt. No. 10-2 at p. 4.) ICE's Deportation Officer further states that based on his experience and expertise, ICE will secure a travel document for Mr. Arias Aliaga in the reasonably foreseeable future. (*See id.*)

In light of the Deportation Officer's representations to the Court, Mr. Arias Aliaga has not yet shown that his post-removal-order immigration detention for ten-and-one-half months violates *Zadvydas*. Mr. Arias Aliaga has produced no evidence—for example, a showing that this particular nation has declined to accept deportees, or accept them within a reasonable time—to contest ICE's statement that the Venezuelan government expects to issue a travel document in the reasonably foreseeable future. Other courts have determined that similar periods of post-order removal immigration detention do not yet merit granting habeas relief under *Zadvydas*. *See, e.g., Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) (per curiam) (affirming denial of *Zadvydas* claim despite petitioner being in immigration detention for almost eleven months); *Pierre v. Dep't of Homeland Sec.*, No. 12-1869, 2013 WL 5570822, at *1 (M.D. Pa. Oct. 9, 2013) (eleven months); *Moulton v. Sabol*, No. 12-0922, 2012 WL 6012133, at *8 (M.D. Pa. Aug. 6, 2012) (noting that petitioner is not automatically entitled to be released despite being in post-removal order detention for ten months where he failed to provide any evidence that Liberia denied him as a citizen or that Liberia will refuse to issue the appropriate travel documentation for him in the reasonably foreseeable future), *report and recommendation adopted by*, 2012 WL 6012799 (M.D. Pa. Dec. 3, 2012).

I am mindful that Mr. Arias Aliaga's immigration detention is quickly approaching one year, and that the longer an alien is detained, the less proof he must put forward to obtain relief. *See Alexander*, 495 F. App'x at 276-77 (citing *Zadvydas*, 533 U.S. at 701). Frankly, if I do not see some results, or at least some specific facts, and that fairly soon, I may well order his release.

after sixty days has run from the date of this Opinion if he is still in immigration detention and has not yet been removed. In any potential motion to reopen, Mr. Arias Aliaga may submit further evidence to show that his removal will not occur in the reasonably foreseeable future. The government has made a rather minimal showing —basically, the Venezuelan authorities' bland recital of the "reasonably foreseeable future" standard, without supporting facts or any estimate of when the travel document will issue. Even if the petitioner submits no additional evidence, the persuasiveness of the government's evidence will diminish as time passes.

### B. Due Process Claim

Mr. Arias Aliaga also alleges that his due process rights have been violated as ICE has failed to comply with regulations pertaining to the custody review process under 8 C.F.R. §§ 241.4, 241.13. He specifically claims that "ICE failed to respond within a reasonable period of Ten (10) days to Petitioner's request for a custody review based on good reason and evidence brought forth showing the unlikelihood of Petitioner's removal in the reasonably foreseeable future." (Dkt. No. 1 at p. 9.) However, the record indicates that Mr. Arias Aliaga received at least two individualized custody reviews in the months prior to his filing this habeas petition.

> Post-Order custody reviews for criminal aliens detained while awaiting removal are governed by 8 C.F.R. § 241.4(k)(2), which provides for periodic and individualized custody reviews consistent with the criteria established by the Supreme Court in *Zadvydas* to prevent indefinite detention. Namely, post-removal order annual reviews must be conducted pursuant to § 241.4(k)(2) and an alien may request interim individualized custody reviews every three months between annual reviews. [ ]8 C.F.R. § 241.4(k)(2)(iii). These individualized custody reviews also reflect the due process considerations discussed by the Third Circuit in *Ngo* [*v. I.N.S.*], 192 F.3d [390,] 399 [(3d Cir. 1999)].

*Resil v. Hendricks*, No. 11-2051, 2011 WL 2489930, at *6 (D.N.J. June 21, 2011) (footnote omitted). The procedural rules considered in *Ngo* require that the alien receive: (1) written

notice of the custody review; (2) the right to representation; (3) the right to an annual personal interview; (4) a written explanation of the custody decision; (5) the opportunity for review of the decision; (6) reviews every six months; and (7) a refusal to presume continued detention based on criminal history. *See* 192 F.3d at 399.

Petitioner fails to show that his due process rights were violated or that ICE failed to comply with its regulations. As noted, ICE conducted individualized custody reviews and issued decisions to continue to detain Mr. Arias Aliaga on October 2, 2013, or approximately ninety days after the Board of Immigration affirmed his removal, and again three months later, in January, 2014. Accordingly, Mr. Arias Aliaga's due process claim does not merit federal habeas relief. *Accord Resil*, 2011 WL 2489930, at *7 (finding that petitioner was afforded adequate due process through periodic individualized reviews of detention following procedures of 8 C.F.R. § 241.4 and *Ngo*); *Wong v. Gonzalez*, No. 05-5430, 2006 WL 995460, at *4 (D.N.J. Apr. 12, 2006) (finding petitioner "was afforded due process because he received a custody review of his continuing detention pending removal pursuant to 8 C.F.R. § 241.4(i)).

C. Request for Preliminary Injunction

Petitioner has requested a preliminary injunction, arguing that this Court has already ordered that he be released by an Order entered March 5, 2014. (*See* Dkt. No. 12.)

To secure the extraordinary relief of a preliminary injunction or temporary restraining order ("TRO"), a petitioner must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Barber v. Sharp*, No. 10-5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 41

F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order)). A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A petitioner "must establish that all four factors favor preliminary relief." *Barber*, 2011 WL 2223651, at *15 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

Petitioner is not entitled to a preliminary injunction. For the reasons stated above, habeas relief is not warranted at this time. In addition, Mr. Arias Aliaga has misconstrued my March 5, 2014 Order. There, I ordered respondent to notify the Court within seven days *if* petitioner is released. That Order did not require that petitioner be released at that time. Accordingly, the request for a preliminary injunction will be denied.

### IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice to a reapplication after 60 days. An appropriate order will be entered.

Dated: May 15, 2014

_____
KEVIN MCNULTY
United States District Judge